PETRUS MACHINERY, INC. v. RADIATOR SPECIALTY COMPANY,
A CORPORATION.

(Filed 2 May 1962.)

**1. Sales § 2—**

   An agreement to purchase machinery to be reconditioned by the seller at a stipulated price f.o.b. the seller, with right of inspection and thirty days trial by the purchaser, does not entitle the purchaser to reject the machinery delivered if it was the machinery purchased and had been reconditioned in accordance with the terms of the contract, and the purchaser is not entitled to return the machinery without inspection solely because it decided the machinery was too small for its purposes.

**2. Appeal and Error § 49—**

   Where the court fails to find a fact necessary to support its judgment, the judgment must be vacated and the cause remanded, notwithstanding the absence of exceptions to the findings.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Nettles, Emergency Judge,* 4 December Regular Civil Term 1961 of MECKLENBURG.

This is a civil action based on an alleged breach of contract. The plaintiff is an Ohio corporation, with one of its principal offices and places of business in the City of Cleveland, where it is engaged in the sale of machinery of various kinds. The defendant is a North Carolina corporation, with one of its principal offices and places of business in Mecklenburg County, North Carolina, where it is engaged in the manufacture of solder seal for radiators, among other things.

The parties having waived a jury trial, the court, after hearing the evidence for the plaintiff and the defendant, found the following facts:

"a. That the defendant purchased of the plaintiff the two machines described in the complaint, after examination in Cleveland, plaintiff to recondition the machines, the agreed sales price being $1,350.00 f.o.b. Cleveland, Ohio.

"b. That said purchase was subject to purchaser's inspection and thirty days trial use.

"c. That plaintiff reconditioned the machines, shipped them to defendant in crates to Charlotte, defendant receiving said machines on or about May 5, 1959.

"d. Defendant kept machines 21 days, did not uncrate or test machines, defendant inspecting machines; defendant deciding machines were too small for defendant's use.

"e. Defendant tendered machines back to plaintiff, by freight prepaid, but plaintiff refused to accept tender."

Based on the foregoing findings of fact, the trial court concluded as a matter of law:

"a. That the defendant had the right to return the machines for any reason.

"b. That plaintiff's refusal to accept return of the machines was wrongful and a breach of the agreement.

"c. That plaintiff is not entitled to recover of the defendant."

Judgment was entered dismissing the action and charging the plaintiff with the costs to be assessed by the Clerk. The plaintiff appeals, assigning error.

*Richard M. Welling for plaintiff appellant.*
*Levine, Pizer & Goodman for defendant appellee.*

DENNY, C.J. The findings of fact by the trial judge do not disclose whether or not the machines delivered to the defendant failed to answer the description set out in the contract or were otherwise defective. If the machines delivered to the defendant were the machines actually purchased by the defendant and inspected by its agent in Cleveland, Ohio, and were reconditioned in accordance with the terms of the contract, then in our opinion the defendant did not have the right to reject and return the machines to the seller merely because it decided they were too small for its use.

The appellant did not except to the findings of fact by the trial court. Even so, in our opinion, the facts found are insufficient to support the court's conclusions of law to which the appellant did except and assigns as error.

In 46 Am. Jur., Sales, Section 442, page 608, it is said: "Where the contract of sale provides for a sale f.o.b. the point of shipment, the title is generally held to pass, in the absence of a contrary intention between the parties, at the time of the delivery of the goods for shipment at the point designated. * * *"

Likewise, it is said in this same authority, Section 443, at page 610: "In general, the fact that the buyer has the right to inspect the goods on arrival at a certain point and reject them for nonconformity to the contract of sale does not itself prevent the passing of the title on delivery to the carrier, if the goods in fact were such as the contract called for. * * *"

The plaintiff in its complaint alleged the defendant purchased the machines delivered. The defendant denied this allegation in its answer. None of the evidence adduced in the hearing below is brought forward and set out in the record. We do have what is purported to be a photostatic copy of the original contract between the parties. How-

ever, it does not appear from the record that such contract was introduced in evidence in the hearing below.

We think the ends of justice require that this cause be remanded to the end that all the facts pertinent to the determination of the issues raised by the pleadings may be found and the conclusions of law drawn therefrom.

The judgment entered below is vacated and the cause is

Remanded.

SHARP, J., took no part in the consideration or decision of this case.